IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERICK LITTLE, *et al.* | ) <br> ) <br> ) |
| Plaintiffs | ) <br> ) |
| v. | ) Case No. 1:14-cv-01289-RMC <br> ) <br> ) |
| WASHINGTON METROPOLITAN AREA <br> TRANSIT AUTHORITY, *et al.* | ) <br> ) <br> ) <br> ) |
| Defendants | ) <br> ) |

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S
MOTION TO STRIKE CLASS ACTION ALLEGATIONS**

Pursuant to (i) Local Rule 23.1(b), (ii) WMATA's Memorandum in Support of WMATA's Proposed Discovery in the Parties Rule 26(f) Joint Report (Doc. 56; Feb. 17, 2015; the "WMATA Joint Report Memo"), and (iii) Defendant Diamond Transportation's Motion to Strike Class Allegations (Doc. 59; Feb. 19, 2015; the "Diamond Rule 23.1(b) Motion"), WMATA moves to strike Plaintiffs' class action allegations and to bar a request for certification of this action as a class action. WMATA also joins the Diamond Rule 23.1(b) Motion.

A supporting Memorandum and proposed Order accompany this Motion.

Respectfully submitted,

/s/ Harvey A. Levin
Harvey A. Levin (D.C. Bar No. 203869)
hlevin@thompsoncoburn.com
T: (202) 585-6942 (direct)
F: (202) 508-1013 (direct)
THOMPSON COBURN LLP
1909 K Street, N.W. Suite 600
Washington, D.C. 20006-1167

6121631.1

Gerard J. Stief (D.C. Bar No. 925933)
Chief Counsel—Appeals & Special Litigation
Washington Metropolitan Area Transit Authority
600 Fifth Street, N.W.
Washington, D.C. 20001
T: (202) 962-1463
email: gstief@wmata.com

Counsel for Washington Metropolitan Area Transit Authority

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February 2015, I caused the foregoing Motion and accompanying Memorandum and Order to be filed and served by Electronic Case Filing in the United States District Court for the District of Columbia and to be sent by first class mail, postage prepaid, to Galen Pendergrass, 4005 23rd Parkway Apartment 21, Temple Hills, MD 20748.

/s/ Harvey A. Levin

6121631.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERICK LITTLE, *et al.* )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>)<br>WASHINGTON METROPOLITAN AREA )<br>TRANSIT AUTHORITY, *et al.* )<br>)<br>Defendants )<br>) | Case No. 1:14-cv-01289-RMC |

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S
MEMORANDUM IN SUPPORT OF
WMATA'S MOTION TO STRIKE CLASS ACTION ALLEGATIONS AND
JOINDER IN MOTION OF DIAMOND TRANSPORTATION
TO STRIKE CLASS ACTION ALLEGATIONS**

Pursuant to (i) Local Rule 23.1(b), (ii) WMATA's Memorandum in Support of WMATA's Proposed Discovery in the Parties Rule 26(f) Joint Report (Doc. 56; Feb. 17, 2015; the "WMATA Joint Report Memo"), and (iii) Defendant Diamond Transportation's Motion to Strike Class Allegations (Doc. 59; Feb. 19, 2015; the "Diamond Rule 23.1(b) Motion"), WMATA moves to strike Plaintiffs' class action allegations and to bar a request for certification of this action as a class action and joins the Diamond Rule 23.1(b) Motion.

6121556.2

1.   **WMATA Incorporates By Reference the WMATA Joint Report Memo**

WMATA incorporates by reference the WMATA Joint Report Memo in which WMATA raised Local Rule 23.1(b) as a bar to Plaintiffs' seeking class certification's proposal. *See* the WMATA Joint Report Memo at 2.[1]

2.   **WMATA Incorporates By Reference the Diamond Rule 23.1(b) Motion**

WMATA incorporates by reference the Diamond Rule 23.1(b) Motion.

3.   **Plaintiffs' Response to WMATA's Rule 23.1(b) Position, and Particularly Plaintiffs' Reliance on *Burton v. District of Columbia*, Misses the Purpose and Effect of Rule 23.1(b)**

In footnote 1 to "Plaintiffs' position" in Item 2 of the Joint Report Regarding Rule 26(f) Conference and Draft Discovery Plan (Doc. 54; Feb. 17, 2015; the "Joint Report"), Plaintiffs responded to WMATA's invocation of Local Rule 23.1(b) as follows:

> Briefly, in response to WMATA's position regarding whether this matter can be disposed of by dispositive motion, Plaintiffs maintain that nothing in Local Rule 23.1(b) forecloses Plaintiff's rights to discovery on, and to seek, class certification.

---

[1] WMATA's Joint Report Memo (Doc. 56) states in pertinent part:

> 1.   **Local Rule 23.1(b) Foreclosed Plaintiffs' Right To Seek Class Certification**
>
> WMATA's proposal is subject to Local Rule 23.1(b). The Rule required Plaintiffs to file their motion for class certification within 90 days of filing their Complaint on July 30, 2014. Their 90 days expired on or about October 28, 2014 without Plaintiffs' filing a timely motion for certification or for relief from the 90-day requirement. *See Gerlich v. United States Dep't of Justice*, 711 F.3d 161, 173 (D.C. Cir. 2013). WMATA discusses class certification issues in this memorandum and the Joint Report to address a situation where Local Rule 23.1(b) is not applied but does not waive its rights under Local Rule 23.1(b) to object to a class certification motion.

Joint Report at 2, n. 1. Plaintiffs cite one decision from this Court, *Burton v. District of Columbia*, 277 F.R.D. 224 (D.D.C. 2011), in support of this defense against Plaintiffs' failure to meet Local Rule 23.1(b)'s 90-day filing requirement. *See* Joint Report at 2-3, n. 1. Plaintiffs are wrong about *Burton*, however.

*Burton* does not loosen the 90-day limitation of Rule 23.1(b). *Burton* upholds that limitation. In *Burton*, the plaintiffs timely moved for class certification. In reciting the Burton plaintiffs' moving for class certification within 90 days of filing the complaint, the Court noted that Local Rule 23.1(b) "required" the class certification motion within 90 days of the complaint:

> The plaintiffs filed this putative class action against the District of Columbia on October 15, 2010.[FN1] ECF No. 1. Ninety days later, on January 13, 2011, the plaintiffs filed a motion to certify the class.[FN2]
>
> > FN2. Local Civil Rule 23.1(b) requires a certification motion to be filed within 90 days of the filing of a putative class action.

*Burton*, 277 F.R.D. at 225-26 (footnote 1 omitted). *Burton* thus supports WMATA's motion and the Diamond Rule 23.1(b) Motion.

More broadly, Plaintiffs' response to WMATA's invoking Rule 23.1(b) misses the point of the Rule. Rule 23.1(b) is not a discovery rule. Rule 23.1(b) neither allows nor disallows discovery. Whether Plaintiffs did or did not conduct pre-filing discovery is not a concern of Rule 23.1(b), and conducting or not conducting discovery is not a basis for not filing under Rule 23.1(b). Rule 23.1(b) is a strict limitations period on filing a motion for class certification. The

Rule requires filing in the 90-day period regardless. Because Plaintiffs did not file in the 90 days, Rule 23.1(b) forbids Plaintiffs' filing a motion for class certification. *See* Point 5.[2]

### 4. Plaintiffs Missed the 90-Day Motion Deadline Even Excluding the Stay-of-Discovery Period

Plaintiffs filed their Complaint on July 30, 2014. The 90 days of Rule 23.1(b) expired on or about October 28, 2014. On October 22, 2014, the Court stayed all discovery pending decision on the motions to dismiss of Diamond Transportation and First Transit, Inc. and further ordered the parties to file their Local Rule 16.3 joint report within 14 days of decisions on the motions to dismiss. *See* October 22, 2014 Minute Order.

The Court did not stay anything other than discovery and the joint report. In response, Plaintiffs did not seek a stay or extension of Rule 23.1(b)'s 90-day filing deadline. Accordingly, the 90 days expired on October 28, 2014, 108 days ago.

Plaintiffs, however, cite the stay as implicitly granting Plaintiffs a reprieve from Rule 23.1(b). *See* Joint Report at 2-3, n. 1. Explicitly, the discovery stay did not extend the 90-day filing time. Implicitly, there is no basis for imputing a stay of Rule 23.1(b) into the stay of discovery. *See* Point 5.

Nothing in the October 22, 2014 Order prevented Plaintiffs from filing their class certification motion. But even were the discovery stay deemed to have extended Plaintiffs' time for filing under Rule 23.1(b), that would not help Plaintiffs. As of the October 22, 2014 stay, 84 days of the 90 days had passed. The discovery and joint report stay expired January 23, 2015.

---

[2] Fed.R.Civ.P. 26(b) controls the discovery consequences of Local Rule 23.1(b). Just as Local Rule 23.1(b) does not create, preserve, or resurrect discovery rights, Federal Rule 26(b) does not create, preserve, or resurrect the lost right to proceed on behalf of a class.

*See* Order (Doc. No. 50; Jan. 26, 2015). Assuming for argument that the discovery-stay period were not counted in the 90 days, as of January 23, Plaintiffs still would have had six days of their 90 remaining. Under this assumption, Plaintiffs could have filed.

But they did not. Plaintiffs wasted that six days. They did not file a motion for class certification or for an extension of the 90-day filing period within that time. As of February 23, 2015, another 25 days had elapsed since January 23, 2015 plus six days, and Plaintiffs still had not (and have not) filed anything under or with respect to Rule 23.1(b). Thus, even were the Court to exclude the period of the stay, Plaintiffs missed their Rule 23.1(b) filing opportunity.

There is one final point on the missed deadline. On February 17, 2015, in the WMATA Joint Report Memo, WMATA gave notice of Plaintiffs' missing the Rule 23.1(b) deadline. Plaintiffs acknowledged that notice in their footnote 1 to the Joint Report. On February 19, 2015, Diamond filed its motion to strike Plaintiffs' class allegations. As of six days after WMATA's filing and four days after the Diamond Rule 23.1(b) Motion, Plaintiffs still had not sought any relief under Rule 23.1(b).

In sum, Rule 23.1(b), and any attempted stretch of the Rule, bar a motion for class certification.

5. **Plaintiffs Are Responsible for Not Filing Within Rule 23.1(b)'s 90-Day Filing Period**

Plaintiffs cannot disclaim responsibility for Rule 23.1(b) compliance or claim that the Court or anyone else was responsible. No one else was responsible. Within Rule 23.1(b)'s 90 days, Plaintiffs controlled whether or not to file and if so, when to file. That control ended when the 90 days expired. Withholding filing until a later time, however, outside the 90-day limitation, was not Plaintiffs' prerogative. *See The Black Panther Party v. Smith*, 661 F.2d 1243, 1279 (D.C. Cir. 1981) (footnotes omitted):

Appellants failed to offer any compelling reasons why the local rule should not be followed. In their motion appellants argued, first, that "(r)esearch into the facts which will determine the extent of the alleged class is extremely time-consuming and is still underway." But ongoing research need not have precluded a timely motion for class certification. At least as a preliminary matter, the definition of the proposed class that was provided in the complaint would have been sufficient for purposes of a motion for class action certification. Second, appellants argue that a motion was not yet appropriate because the complaint had not yet been served on appellees, and because the government had received an extension of time in which to respond to the complaint. But this excuse is unavailing. It is instructive to compare *Coffin v. Sec'y of Health, Educ., and Welfare*, 400 F. Supp. 953 (D.D.C. 1975) (three-judge court), where class action certification was denied for failure to comply with Local Rule 1-13(b). In that case the court rejected a claim that plaintiff should not be held to the 90-day limit because defendants had filed motions to dismiss, to dissolve the three-judge court, and to transfer the case, and the class action certification issue could not be resolved until those motions were decided. We also point out that strict enforcement of Local Rule 1-13(b) implements the policy of Rule 23(c)(1) of the Federal Rules of Civil Procedure, which states that the status of class actions should be determined quickly. Moreover, this was not a situation where appellants had failed to "beat the clock" by a few hours.

See also *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 55-56 (D.D.C. 2007) (footnote omitted):

Plaintiffs are correct that the Department has had notice of *putative* class claims in this case since the filing of the initial complaint. But Local Rule 23.1 is designed to enable defendants "to ascertain at the earliest practicable moment whether they *will* be facing a limited number of known, identifiable plaintiffs or whether they will instead be facing a much larger mass of generally unknown plaintiffs." *McCarthy*, 741 F.2d at 1411–12 (emphasis added); *see also id.* at 1412 ("Fundamental fairness, as well as the orderly administration of justice requires that defendants haled into court not remain indefinitely uncertain as to the bedrock litigation fact of the number of individuals or parties to whom they may ultimately be held liable for money damages."). Plaintiffs' failure to move for certification has also prolonged the uncertainty as to the scope of the class they would actually move this Court to certify. The Department would experience, just as it already has experienced, an element of prejudice in this litigation with respect to its need to defend against a potential class of uncertain scope.[;]

*Batson v. Powell*, 912 F. Supp. 565, 570 (D.D.C. 1996), and the supporting cases cited.

## Conclusion

For these reasons, WMATA respectfully prays that the Court strike the class action allegations in the Complaint, bar Plaintiffs from moving for class certification, and grant WMATA such further relief as may be warranted.

Respectfully submitted,

/s/ Harvey A. Levin
Harvey A. Levin (D.C. Bar No. 203869)
hlevin@thompsoncoburn.com
T: (202) 585-6942 (direct)
F: (202) 508-1013 (direct)
THOMPSON COBURN LLP
1909 K Street, N.W. Suite 600
Washington, D.C. 20006-1167

Gerard J. Stief (D.C. Bar No. 925933)
Chief Counsel—Appeals & Special Litigation
Washington Metropolitan Area Transit Authority
600 Fifth Street, N.W.
Washington, D.C. 20001
T: (202) 962-1463
email: gstief@wmata.com

Counsel for Washington Metropolitan Area Transit Authority