IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ERICK LITTLE, *et al.*                  )
                                        )
           Plaintiffs,                  )
                                        )
v.                                      )   Civil Action No.: 1:14-cv-01289-RMC
                                        )
                                        )
WASHINGTON METROPOLITAN AREA            )
TRANSIT AUTHORITY, *et al.,*            )
                                        )
           Defendants.                  )
_____ )

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS WASHINGTON METROPOLITAN AREA TRANSIT
AUTHORITY'S, EXECUTIVE PERSONNEL SERVICES, INC.'S, AND DIAMOND
TRANSPORTATION SERVICES INC.'S MOTIONS TO STRIKE**

Rachel M. Kleinnman (*pro hac vice*)
Natasha M. Korgaonkar (*pro hac vice*)
NAACP Legal Defense & Education Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2234
Fax: (212) 226-7592

John A. Freedman (DC Bar No. 453075)
Brandie N. Weddle (DC Bar No. 1004368)
Tom McSorley (DC Bar No. 1001890)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC  20004-1206
Tel: (202) 942-5000
Fax: (202) 942-5999

Matthew K. Handley (D.C. Bar No. 489946)
Dennis A. Corkery (D.C. Bar No. 1016991)
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN RIGHTS
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
Tel: (202) 319-1000
Fax:  (202) 319-1010

*Attorneys for Plaintiffs*

Plaintiffs Erick Little, Lawrence Whitted, Timothy McClough, Gerald Tucker, Leroy Quarles, Fitzgerald Stoney, Marcello Virgil, Leon McKenzie, and Louia McKenzie ("Plaintiffs"), by undersigned counsel, file the instant memorandum in opposition to Defendant Washington Metropolitan Transit Authority's ("WMATA"), Defendant Executive Personnel Services, Inc.'s ("EPSI"), and Defendant Diamond Transportation's ("Diamond") (collectively, "Moving Defendants") motions to strike Plaintiffs' class allegations under Local Rule 23.1(b) of the United States District Court for the District of Columbia.

As detailed below, this Court's January 26, 2015 Order extended the time period in which Plaintiffs must move for class certification under Local Rule 23.1(b).  Alternatively, this Court has the discretion to extend the time period for filing a motion for class certification.  Doing so is appropriate here because Moving Defendants will not be prejudiced by such an extension of time; there is no judicial delay; Plaintiffs have made more than reasonable efforts to expedite the judicial proceedings; and Plaintiffs reasonably and in good faith believed that the Court had extended the deadline for the filing of a motion for class certification.  The Court could also deny the motion because the Moving Defendants each failed to satisfy their obligation under Local Rule 7(m) to meet and confer before filing their respective motions to strike.

## Summary of Relevant Background

Plaintiffs filed their class action complaint initiating this lawsuit on July 30, 2014. Compl., July 30, 2014, ECF No. 1.  On August 22, 2014, and September 12, 2014, Defendants Diamond and First Transit, Inc., respectively, moved to dismiss the Complaint, and on September 12, 2014, WMATA answered the complaint.[1]  Mot. Dismiss, Aug. 22, 2014, ECF No. 16; Mot. Dismiss, Sept. 12, 2014, ECF No. 25; Def. WMATA's Answer, Sept. 12, 2014,

---

[1] At this stage, Defendant EPSI had not yet filed any responsive pleadings.

ECF No. 24.  On September 11, 17, and 30, 2014, and October 1 and 14, 2014, Plaintiffs

attempted to discuss scheduling and other discovery matters with the three Defendants that

appeared.  *See* Decl. of Brandie Weddle ¶¶ 7, 13, 16, 18-19.  Defendants refused to participate in

scheduling discussions, asserting that such discussions were premature.  *See* Weddle Decl.

¶¶ 8-9, 12, 14, 17, 20.  On October 17, 2014, Plaintiffs requested a telephonic conference,

seeking the Court's guidance regarding the process for moving forward during the pendency of

the motions to dismiss.  Pls.' Notice Req. Tel. Conference, Oct. 17, 2014, ECF No. 38.  On

October 22, 2014, at Defendants' request, the Court issued a Minute Order staying the case

pending a decision on the motions to dismiss and ordered the parties to wait to address "the

issues set forth in Local Rule 16.3" until within 14 days of a decision on the motions to dismiss.

Min. Order, Oct. 22, 2014 ("October 22 Order").

On January 26, 2015, the Court denied the motions to dismiss and stayed the case against

Defendants Diamond, First Transit, and EPSI (collectively, the "Contractor Defendants").[2]

Order, Jan. 26, 2015, ECF No. 50.  The Court also directed counsel for Plaintiffs and WMATA

to meet and confer and to submit their Rule 26(f) Report "addressing all topics listed in Local

Rule 16.3(c) no later than 14 days following their meeting."  Order for Initial Scheduling

Conference 1, Jan. 26, 2015, ECF No. 51 ("January 26 Order").  One of the topics listed in Local

Rule 16.3 is the proposed schedule for filing a Rule 23 motion.  LCvR 16.3(c)(10).  Plaintiffs

and WMATA met and conferred on January 29, February 12, and February 13, 2015.  *See* Decl.

of John A. Freedman ¶ 4.  These conversations included discussion of the proposed dates for

class discovery and class certification motions.  Freedman Decl. ¶ 4.  At no point during these

---

[2] EPSI finally appeared in this case and filed a motion to dismiss on November 26, 2014—119 days after the Complaint was filed, and 29 days *after* the date that it now argues Plaintiffs should have filed a motion for Class Certification.  *See* Mot. Dismiss, Nov. 26, 2014, ECF No. 44.

discussions did counsel for WMATA suggest that any motion for class certification would be untimely; to the contrary, WMATA took the position that class certification motions should be filed within 240 days of entry of the scheduling order.  *See* Freedman Decl. ¶ 4; Meet & Confer Statement (Joint Report Regarding Rule 26(f) Conference & Draft Discovery Plan) 10, Feb. 17, 2015, ECF No. 54 ("Joint Report").

On February 17, 2015, Plaintiffs and WMATA filed the Joint Report Regarding Rule 26(f) Conference and Draft Discovery Plan.  *See* Joint Report.  Earlier that day, WMATA notified Plaintiffs for the first time that it intended to reserve the argument that a class certification motion would be untimely.  Freedman Decl. ¶ 6.

On February 19, 2015, without first meeting and conferring with Plaintiffs in violation of Local Rule 7(m), Diamond filed a Motion to Strike Class Allegations.  Freedman Decl. ¶¶ 2-3.  On February 24, 2015, and March 3, 2015, WMATA and EPSI, respectively, filed motions to strike Plaintiffs' class allegations, also without making any attempt to meet and confer with Plaintiffs.  Freedman Decl. ¶¶ 5-8.  All three motions articulate the same basic argument:  that this Court should strike Plaintiffs' class allegations because any motion for class certification filed now would be untimely under Local Rule 23.1(b).  *See generally* Diamond's Mot. Strike, Feb. 19, 2015, ECF No. 59; WMATA's Mot. Strike, Feb. 24, 2015, ECF No. 62; EPSI's Mot. Strike, Mar. 3, 2015, ECF No. 63.

## Argument

The Motions to Strike Plaintiffs' Class Allegations should be denied because the deadline to file a motion for class certification under Local Rule 23.1(b) has not expired.  The Court's previous orders staying the case and then extending the deadline for the parties to agree to a case schedule, which, under Local Rule 16.3 includes timing for the filing of a class certification motion, stayed Plaintiffs' time to file a motion for class certification.  However, if the Court

determines that the deadline in Local Rule 23.1(b) was unaffected by the Court's previous

orders, Plaintiffs respectfully request that the Court construe this Opposition as a motion for an

extension of time under Rule 6(b) and, in the interest of justice, extend Plaintiffs' time to file a

class certification motion until a date to be established at the Initial Scheduling Conference.  In

the alternative, the Court could also deny the Motions to Strike for failure to meet and confer,

which is a violation of Local Rule 7(m).

I.   **The Court Should Deny Moving Defendants' Motions to Strike Plaintiffs' Class Allegations Because the Deadline to File a Motion for Class Certification Has Not Yet Passed.**

On October 22, 2014, the Court stayed this action pending a decision on the motions to

dismiss.  Oct. 22 Order.  In addition to staying the action, the Court ordered that the parties

discuss the issues outlined in Local Rule 16.3.  *See* Oct. 22 Order ("[W]ithin 14 days of a

decision on the motions to dismiss, the parties shall file a joint report addressing the status of the

case *and the issues set forth in Local Rule 16.3*." (emphasis added)).  Local 16.3 encompasses

the topic of a briefing schedule for class certification.  LCvR 16.3(c)(10).  The Court issued a

similar directive on January 26:  the parties shall "confer at least 21 days prior to [March 17,

2015] and submit their [Rule 26(f)] Report *addressing all topics listed in Local Rule 16.3(c)* no

later than 14 days following their meeting."  Jan. 26 Order 1 (emphasis added).  Local Rule

16.3(c)(10) plainly includes a schedule for class certification briefing:

> At the conference required by this Rule, the parties must confer to discuss . . . appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, *dates for filing a Rule 23 motion*, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

LCvR 16.3(c)(10) (emphasis added).  Thus, Plaintiffs understood and believed that the Court

exercised its discretion under Local Rule 23.1(b) to stay their time to file a class certification

motion until such time as was agreed on by the parties in a Joint 26(f) statement or as ordered by the Court.

WMATA contends that the October 22 Order was not sufficiently specific to extend the 90-day deadline. *See* WMATA's Mot. Strike 4. This reading ignores the plain import of the language of that order and the January 26 Order ("all topics listed in Local Rule 16.3(a)") read in conjunction with the language of Local Rule 16.3(a) itself. Indeed, WMATA's own proposed schedule indicated that briefing on class certification should occur no earlier than 240 days after a scheduling order is issued, after discovery and expert depositions. Joint Report 10.

Moreover, the Court's treatment of Plaintiffs' class claims following the October 22 Order has been consistent with Plaintiffs' understanding that a class certification briefing schedule would be addressed at the Initial Scheduling Conference. For example, during the status conference that precipitated the January 26 Order, which was held more than 90 days after Plaintiffs filed their Complaint, the Court described the rationale underlying the stay of the cases against the Contractor Defendants: "[W]e're going to wait and see how this thing develops to see if we have a full class action. But I don't think we should take your small contractors through defense of a class action lawsuit." Tr. Status Conference 15-16, Jan. 23, 2015, ECF No. 52.

The Court's issuance of a stay and Plaintiffs' understanding of that stay is not unique. Another court in this District found that it extended the default deadline under Local Rule 23.1(b) when it stayed discovery during the pendency of a motion to dismiss. In *Richard v. Bell Atlantic Corp.*, the court held that "[i]f not by word, then by deed, [the judge] extended the 90-day period . . . when he stayed all discovery." 976 F. Supp. 40, 52 (D.D.C. 1997). There, the court rejected the defendants' efforts to strike the plaintiffs' class allegations for failure to file a

motion for class certification within 90 days of filing the complaint.  *See id*.  The court noted that it had initially granted the plaintiffs' request for pre-class certification discovery, but then the court stayed discovery, at defendants' request, while a Rule 12 motion was pending.  *Id*. at 51. Thus, when reviewing the defendant's motion to strike, the court reasoned that its prior order "froze the litigation in its tracks."  *Id*.  The *Richard* court further concluded that "it would have been extremely unfair and inefficient . . . to have denied the plaintiffs their right to pre-class certification discovery, but then to have required them to file a motion for class certification without the benefit of any such discovery."  *Id*. at 51-52.  Accordingly, the court formally extended the 90-day period for plaintiffs to move for class certification and denied the defendants' motion to strike.  *Id*. at 52.

Here, where the Court stayed all discovery pending the resolution of the motions to dismiss filed by Diamond and First Transit, and then set a clear deadline for the parties to discuss the timing for class certification briefing, the Court's intention to stay the deadline for class certification is even plainer.  There can be no serious dispute that the Court's October 22 and January 26 Orders extended the 90-day time period for class certification to a date to be determined at the Initial Scheduling Conference.

## II.    If the Court Did Not Previously Intend to Extend the Time Period Under Local Rule 23.1(b), Plaintiffs Respectfully Request That It Do So Now in the Interest of Justice.

If this Court did not intend to extend the time period under Local Rule 23.1(b) through its previous orders, Plaintiffs' respectfully request that this Court, in the interest of justice, extend the time period in which Plaintiffs must file for class certification.  Under Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party

failed to act because of excusable neglect."[3]  In determining excusable neglect, the Court may

consider (1) "the danger of prejudice to the [other party]," (2) "the length of the delay and its

potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was

within the reasonable control of the movant," and (4) "whether the movant acted in good faith."

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

As the Supreme Court has established, excusable neglect "is a somewhat 'elastic concept'

and is not limited strictly to omissions caused by circumstances beyond the control of the

movant."  *Pioneer*, 507 U.S. at 392 (footnote omitted).  *See In re Vitamins Antitrust Class

Actions*, 327 F.3d at 1207, 1209 (D.C. Cir. 2003) (explaining that the Supreme Court "purposely

fashioned a flexible rule which, by its nature, counsels against the imposition of a *per se* rule on

attorney neglect").  "[T]he determination is at bottom an equitable one, taking account of all

relevant circumstances surrounding the party's omission."  *Pioneer*, 507 U.S. at 395.  Moreover,

"the question of whether attorney error may constitute 'excusable neglect' is within the

discretion of the district court."  *In re Vitamins*, 327 F.3d at 1210 (holding that the district court

did not abuse its discretion in finding that a class member's failure to timely opt out of settlement

was excusable when the opposing party would not be substantially prejudiced, the length of

delay was short and would not impact judicial proceedings, and there was no indication of bad

faith); *Yesudian*, 270 F.3d at 971 (holding that the district court did not abuse its discretion in

accepting a late filing where the party mistakenly relied on Superior Court rules rather than the

federal rules, because the opposing party suffered no prejudice, the delay was brief and did not

materially affect the proceedings, and there was no evidence of bad faith).  This Court has

---

[3] *See generally Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001) (noting that the
Fed. R. Civ. P. 6(b) motion requirement can be satisfied by a memorandum in opposition to a
motion to strike).

previously found excusable neglect in the context of Local Rule 23.1(b).  *See Cryer v. Intersolutions, Inc.*, No. 06-cv-2032, 2007 WL 1191928, at *5-6 (D.D.C. Apr. 20, 2007) (finding excusable neglect where plaintiffs mistakenly read the 90-day time period under Local Rule 23.1 to apply to the filing of their amended complaint, where there was no prejudice to defendants and plaintiffs' mistaken belief was not unreasonable).

In this case, any misinterpretation of the Court's orders by Plaintiffs should be considered excusable neglect.  Moving Defendants will not be prejudiced by Plaintiffs' filing for class certification at a later stage in the litigation, there will be no judicial delay, the record shows that Plaintiffs have consistently attempted to expedite the judicial proceedings, and Plaintiffs reasonably and in good faith believed that the Court had extended the deadline in which to move for class certification.

> **A.    Extending the Time for Plaintiffs to Move for Class Certification Will Neither Prejudice Moving Defendants Nor Delay the Proceedings.**

Moving Defendants will not be prejudiced if the Court extends the time for Plaintiffs to move for class certification, and such an extension will not cause any judicial delay.  Moving Defendants have been on notice since the filing of the complaint that Plaintiffs intend to pursue a class action.  *See Cryer*, 2007 WL 1191928, at *6 (finding that such notice weighs against a claim of prejudice).  Moving Defendants' motions are silent as to how, under the specific circumstances presented by this case (where Defendants were acutely aware that Plaintiffs would seek class certification) and at this early stage of litigation, they have suffered prejudice by Plaintiffs' failure to timely file the motion for class certification.  No discovery has taken place, none of Moving Defendants have served their initial disclosures, and two of Moving Defendants (Diamond and EPSI) have not even answered the Complaint.

To the extent that WMATA relies on *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 56 (D.D.C. 2007), for the proposition that Plaintiffs' failure to file for class certification has "prolonged the uncertainty as to the scope of the class they would actually move this Court to certify," this argument fails because any motion for class certification that Plaintiffs could have filed at this early, pre-discovery stage would have included no more information than is already in the Complaint.  The lack of prejudice to WMATA is also clear from the fact that it submitted a scheduling order calling for class certification motions to be filed 240 days after entry of the yet to be issued scheduling order.  *See* Joint Report 10.

Local Rule 23.1(b)'s 90-day time period is regularly extended in this District, often indefinitely, upon motion or *sua sponte*, pending a scheduling conference or resolution of a motion to dismiss.[4]  Granting an extension now, before there has been any discovery in this case, would place Moving Defendants in the same position as if the Court, on the 84th day after the Complaint was filed (*i.e.*, the day Defendants' request for a stay was granted), had granted an extension and suspended discussion of a class certification briefing schedule until the scheduling conference.  Indeed, throughout the three weeks of discussions leading up to the filing of the Joint Rule 26(f) Report, WMATA appeared to be operating under the same reasonable interpretation of the Court's orders as Plaintiffs and anticipated opposing class certification much

---

[4] *See, e.g.*, Min. Order, *Cannon v. Wells Fargo Bank, N.A.*, No. 1:12-cv-00465-CKK  (D.D.C. July 29, 2013) (holding in abeyance the requirement that plaintiffs seek class certification pending further order of the court 16 months after complaint was filed); Min. Order, *Chamberlain v. Int'l Union of Operating Eng'rs Gen. Pension Plan*, No. 1:13-cv-00051-KBJ (D.D.C. May 20, 2013) (granting motion for extension of time filed on 129th day, extending deadline indefinitely and anticipating discussion of timing at future scheduling conference); Min. Scheduling Order, *Garcia v. Janitorial Partners, Inc.*, No. 1:12-cv-00942-RJL (D.D.C. Jan. 25, 2013) (setting class certification briefing schedule seven months after complaint was filed); Min. Order, *Holt v. Livingsocial, Inc.*, No. 1:12-cv-00745-ABJ (D.D.C. Aug. 8, 2012) (granting motion for extension of time filed 91 days after complaint); Min. Order, *Alliance of Artists & Recording Cos. v. Gen. Motors LLC*, No. 1:14-cv-01271-KBJ (D.D.C. Oct. 22, 2014) (granting consent motion to extend time indefinitely, in anticipation of addressing class certification schedule at a future scheduling conference).

later in the case.  Moving Defendants cannot now plausibly argue that they would be prejudiced by extension of a deadline about which they purport not to have previously known or not to have assumed was applicable to this case.

Further, allowing Plaintiffs to file a class certification motion would not cause any delay. In fact, significant delay and judicial inefficiency would more likely occur if the Court were to grant the Moving Defendants' motions.  In the absence of class claims, Plaintiffs' counsel will be compelled to prosecute this action as a multiple-plaintiff action rather than a class action and will have to amend or file new complaints to include the claims of dozens of individuals who have been identified as potential class members.  This is exactly the kind of burdensome and unwieldy action that the class action vehicle was designed to prevent.  Moreover, as set forth below, any delay at this stage has been the result of Defendants' refusal to discuss scheduling and discovery matters at an earlier date.  Finally, as in *Cryer* and as demonstrated by both Plaintiffs' and WMATA's proposed schedules,[5] "the Court still would have had to resolve defendants' motion to dismiss prior to setting any schedule for the filing of briefs on class certification" even if Plaintiffs had moved for class certification earlier.  *Cryer*, 2007 WL 1191928, at *6.  Moving Defendants' strained contention that Plaintiffs have delayed the proceedings, or that any such "delay" has prejudiced their case, is wholly disingenuous.

> **B.      Plaintiffs Have Worked Diligently to Move This Case Forward, and Any Delay in Filing a Motion for Class Certification Resulted from Plaintiffs' Reasonable, Good Faith Belief That the Deadline Had Been Suspended.**

Plaintiffs believed reasonably, and in good faith, that the Court had extended the time period under Local Rule 23.1(b)—a belief that, even if mistaken, was reasonable based on the Court's orders and the text of Local Rule 16.3.  As set forth above, the Court's October 22 Order

---

[5] According to both Plaintiffs' and WMATA's proposed schedules, discovery and expert reports would be due before briefing on class certification commences.  *See* Joint Report 8-10.

established that Local Rule 16.3 issues would be addressed after the Court reached a decision on the motions to dismiss that were pending at that time, and Plaintiffs reasonably understood the Court's Order relating to Local Rule 16.3 to include subsection (c)(10) of that rule (the "appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply"). Accordingly, Plaintiffs' decision not to move for class certification while the motions to dismiss were pending and while discovery was stayed was reasonable. *See Richard*, 976 F. Supp. at 52 (holding that, as a practical matter, the judge extended the 90-day time period when he stayed discovery, but agreeing to formally extend the time period for plaintiffs to file their motion for class certification and denying defendants' motion to strike class allegations); *cf. Alexander v. FBI*, 971 F. Supp. 603, 611 (D.D.C. 1997) (denying defendants' motion to strike the class action allegations and rejecting defendants' argument that plaintiffs' motion to certify the class was untimely because the court had stayed the case at defendants' request and "[i]t was reasonable for plaintiffs to think that the time was tolled for the filing of the motion").

Moving Defendants, however, argue that it is now too late for Plaintiffs to request an extension of time to file a motion for class certification. Moving Defendants' motions ignore the procedural history of this case and Plaintiffs' significant efforts to confer with the Moving Defendants in order to set a mutually agreed upon discovery and briefing schedule tailored to the unique characteristics of this case. Indeed, Moving Defendants have consistently asserted that it was both unnecessary and unwise to have any discussions about such scheduling matters until after this Court ruled on all pending motions to dismiss.

As the procedural history demonstrates, Plaintiffs repeatedly attempted to confer with Moving Defendants to discuss scheduling within the default Rule 23.1(b) deadline:

- On September 11, 2014, Plaintiffs emailed Defendants, including Moving Defendants, requesting a Rule 26(f) conference. *See* Weddle Decl. ¶ 7, Ex. A (proposing a discovery cutoff of August 15, 2015, and indicating that discovery should cover "questions of class certification").

- On September 17, 2014, Plaintiffs emailed Defendants, including Moving Defendants, again requesting a Rule 26(f) conference and proposing a date. *See* Weddle Decl. ¶ 13, Ex. F.

- On September 30, 2014, Plaintiffs emailed Defendants, including Moving Defendants, again proposing a date for the Rule 26(f) conference. *See* Weddle Decl. ¶ 16, Ex. I.

- On October 1, 2014, Plaintiffs emailed Defendants, including Moving Defendants, again requesting a Rule 26(f) conference. *See* Weddle Decl. ¶ 18, Ex. K.

- On October 14, 2014, Plaintiffs emailed Defendants, including Moving Defendants, again requesting a Rule 26(f) scheduling conference, attaching a proposed Rule 26(f) report, and expressing Plaintiffs' intention to file a timely Rule 26(f) report without Defendants if necessary. *See* Weddle Decl. ¶ 19, Exs. L, M (proposing a class certification filing deadline of September 8, 2015).

Moving Defendants, however, refused to meet with Plaintiffs to discuss any of these issues. Instead, they contended that the Local Rules did not require a Rule 26(f) conference until after the motions to dismiss were decided, and even if they did, a Rule 26(f) conference would be premature in light of the pending motions to dismiss. *See* Weddle Decl. ¶ 20, Ex. N. Moving Defendants specifically advanced the position that they were unwilling to discuss the case, including discovery and briefing schedules, before the motions to dismiss were decided:

> [W]e believe the best approach is for the parties jointly to move the Court to stay any deadline to conduct the Rule 26(f) conference, and any other discovery that might ordinarily follow, until the two pending motions to dismiss and the status of absent defendant [EPSI] are resolved. This way, if the Court agrees with the parties' approach, we are not holding an unnecessary and potentially wasteful Rule 26(f) conference now, and if the Court disagrees, the Court can clarify how the parties should proceed. Obviously, it is not efficient (nor do we believe legally proper) to develop a comprehensive plan for discovery when the final identities of the

> parties, claims, and allegations are not yet resolved, and there are
> so many contingencies that make concrete planning difficult.

Weddle Decl. ¶ 20, Ex. N.  After Plaintiffs specifically requested this Court's guidance on how

to proceed, *see* Pls.' Notice Req. Tel. Conference, at Moving Defendants' request, this Court

decided to stay the case pending resolution of the two motions to dismiss that had been filed at

that time.  *See* Oct. 22 Order.

On January 26, 2015, the Court denied the motions to dismiss, stayed the case against the

Contractor Defendants, and directed counsel for Plaintiffs and WMATA to confer regarding "all

topics listed in Local Rule 16.3(c)."  Jan. 26 Order 1.  Pursuant to the Court's explicit direction,

this was the proper time for Plaintiffs and WMATA to discuss the "appropriate procedures for

dealing with Rule 23," including "dates for filing a Rule 23 motion."  *See* LCvR 16.3(c)(10).  On

February 17, 2015, just hours before filing the 26(f) Joint Report—and despite the express

language of Rule 16.3(c)(10)—Plaintiffs learned for the first time that WMATA might object to

the timeliness of a motion for class certification.  *See* Freedman Decl. ¶ 6.  Two days later,

Diamond filed the instant motion to strike.  Plaintiffs acted promptly by opposing these motions

diligently and judiciously, unlike the plaintiffs in the cases on which Moving Defendants rely.

*See Howard*, 474 F. Supp. 2d at 57 (waiting "three additional months after being alerted to a

missed deadline before attempting to mitigate the error"); *Gerlich v. U.S. Dep't of Justice*, 711

F.3d 161, 173 (D.C. Cir. 2013) (arguing excusable neglect for the first time on a motion for

reconsideration).

As the record demonstrates, Plaintiffs, in the spirit of efficiency and economy, repeatedly

attempted to work directly with Moving Defendants to address discovery and class certification

scheduling at the earliest possible opportunity.  Moving Defendants, however, did not engage,

and instead sought a stay of all proceedings while the motions to dismiss were pending.  In light

of the Moving Defendants' repeated refusal to discuss any scheduling matter (related to class certification or otherwise) within 90 days, or even 180 days, after the Complaint was filed—and, in the case of EPSI, a failure to even appear within this time period—it would be unfair to now reward Moving Defendants' delay tactics and grant their motions to strike Plaintiffs' class allegations.

Any failure by Plaintiffs to timely file a motion for class certification or request for extension of time arises out of Plaintiffs' good faith, reasonable interpretation of the Court's orders. In light of the procedural posture of this case and Moving Defendants' actions, extending the time for Plaintiffs to move for class certification would neither prejudice Moving Defendants nor cause delay. Accordingly, Plaintiffs respectfully request that the Court find that Plaintiffs' untimeliness, if any, was excusable neglect and extend the time for Plaintiffs to file a motion for class certification.

## III.   Additional Considerations Warrant Denial of the Motions to Strike.

First, Moving Defendants seek to prevent Plaintiffs from maintaining a class action by relying on an unduly rigid interpretation of Local Rule 23.1(b). Moving Defendants' interpretation would not, in this case, further the policy interests behind the rule: the strict enforcement of Rule 23.1(b) "implements the policy of Rule 23(c)(1) . . . , which states that the status of class actions should be determined quickly." *Black Panther Party v. Smith*, 661 F.2d 1243, 1279 (D.C. Cir. 1981), *vacated by mem. on other grounds sub nom. Moore v. Black Panther Party*, 458 U.S. 1118 (1982). For the reasons explained above, moving for class certification would not have affected the speed with which the status of this class action is determined.

Second, Moving Defendants' rigid interpretation ignores the practical limitations on moving for class certification prematurely, as established in recent years by the Supreme Court

14

and routinely recognized by other courts:  pre-certification discovery often is necessary for the

district court to conduct the "rigorous analysis" that is required to ensure "[a]ctual, not presumed,

conformance" with Federal Rule 23.  *See, e.g.*, *Wal-Mart v. Dukes*, 131 S. Ct. 2541, 2551 (2011)

(quotation marks omitted); *Burton v. District of Columbia*, 277 F.R.D. 224, 230-31 (D.D.C.

2011); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012); *In re Fed.*

*Home Loan Mort. Corp. (Freddie Mac) Sec. Litig.*, 281 F.R.D. 174, 176 (S.D.N.Y. 2012); *In re*

*Cmty. Bank of N. Va. Mort. Lending Practices Litig.*, Civ. A. Nos. 02-121, 03-425, 05,688, MDL

No. 1674, 2011 WL 4382942, at *3 (W.D. Pa. Sept. 20, 2011).

Third, Moving Defendants' interpretation of Local Rule 23.1(b) also ignores the practical

realities of this case.  Moving for class certification under Rule 23.1(b) within 90 days of filing

the Complaint would have been futile and a waste of judicial resources because, at that time,

Defendants refused to discuss discovery and other scheduling issues, one defendant had failed to

appear, discovery was stayed, and motions to dismiss were pending:

> The defendants' suggestion that the plaintiffs should have filed their motion for class certification within 90 days and then requested that the Court stay a ruling on that motion until after pre-class certification discovery appears to countenance an extremely inefficient procedure.  First, if the Court had granted the defendants' dispositive motion, the plaintiffs would have gone to the trouble of drafting a class certification motion for nothing. Second, even if the plaintiffs had filed the motion, there is little doubt that they would have amended their motion based on later-discovered information obtained through 20 or more depositions. The defendants, in turn, would have sought to amend their oppositions to the motion.  Such duplication of effort would have posed a substantial burden to the parties and to the Court and would have been inconsistent with the mandate of Fed.R.Civ.P. 1, which requires that the Federal Rules of Civil Procedure be "construed and administered to secure the just, speedy, and inexpensive determination of every action."

*Richard*, 976 F. Supp. at 52 n.19.

For the reasons explained in *Richard*, Moving Defendants' reliance on *Weiss v. International Brotherhood of Electrical Workers*, 729 F. Supp. 144 (D.D.C. 1990), is misplaced. *See Richard*, 976 F. Supp. at 52 n.19.  In *Weiss*, the plaintiff argued that she should not be subject to the 90-day rule because she had not had "'adequate time'" for discovery.  *Id*. (quoting *Weiss*, 729 F. Supp. at 148).  The *Weiss* court held that "[e]ven if she needed to conduct *further* discovery, she could have moved for class certification and requested that the Court postpone its ruling."  *Weiss*, 729 F. Supp. at 148 (emphasis added).  The *Weiss* case, therefore, implies that the plaintiff had at least *some* discovery, but "[h]ere, in contrast, the plaintiffs did not have the benefit of *any* pre-class certification discovery whatsoever, thereby utterly stymieing their efforts to move for class certification."  *Richard*, 976 F. Supp. at 52 n.19.

Fourth and finally, Moving Defendants selectively seek to interpret the local rules and this Court's orders rigidly, only when such an interpretation works in their favor.  Moving Defendants have loosely construed or ignored other rules applicable to their conduct that are designed to facilitate fair and efficient judicial proceedings.  For example:

- Moving Defendants did not comply with Local Rule 7(m) before filing their motions to strike;

- The motions filed by Diamond and EPSI were filed in violation of the Court's Order on January 26, 2015:

> For reasons set forth at the status conference held in open court on January 23, 2015, it is hereby **ORDERED** that Plaintiffs' claims under Title VII, the D.C. Human Rights Act, the Declaratory Judgment Act, and the Fair Credit Reporting Act against Defendants Executive Personnel Services, Inc., First Transit, Inc., and Diamond Transportation Services, Inc. (collectively, the Contractor Defendants) are **STAYED** . . . .  Contractor Defendants shall be treated as third parties for the purposes of discovery and are subject to discovery involving Plaintiffs' claims of discrimination[.]

Order, Jan. 26, 2015, ECF No. 50; *see, e.g.*, *Shea v. Clinton*, 850 F.
Supp. 2d 153, 164 (D.D.C. 2012);

- Both Diamond and EPSI have failed to comply with Rule 12(a)(4)(A), which requires a defendant to file an answer within 14 days after a denial of a motion to dismiss; and

- None of the Moving Defendants have served initial disclosures, which under a strict interpretation of Local Rule 26.2 would have been due within 14 days after the Rule 26(f) conference, a time period which started on February 14, 2015.[6]

Moving Defendants' insistence that the Court apply Rule 23.1(b) in an overly formalistic manner

contradicts their repeated failure to adhere to the procedural rules in this case.  Plaintiffs, on the

other hand, have worked diligently to advance the proceedings and to comply with the deadlines

set forth in the Local Rules and the Court's orders.

        To the extent that this Court agrees with the Moving Defendants' rigid interpretation of

the Rules, this Court should dismiss Moving Defendants' motions to strike because they each

failed to satisfy their obligations under Local Civil Rule 7(m) to meet and confer with Plaintiffs

before filing this motion.  Local Rule 7(m) requires that "[b]efore filing any nondispositive

motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a

good-faith effort to determine whether there is any opposition to the relief sought and, if there is,

to narrow the areas of disagreement."  LCvR 7(m).  Here, Counsel for the Moving Defendants

never requested a meet and confer before filing their motions to strike.  Freedman Decl. ¶¶ 3, 6,

8.  Notably absent from Moving Defendants' motions is Local Rule 7(m)'s required "statement

that the required discussion occurred, and a statement as to whether the motion is opposed."

LCvR 7(m); *see generally* Diamond's Mot. Strike; WMATA's Mot. Strike; EPSI's Mot. Strike.

---

[6] In accordance with Plaintiffs' proposed schedule, Plaintiffs served their Initial Disclosures on March 3, 2015.

Accordingly, this Court can deny their motions "[o]n this basis alone." *Hajjar-Nejad v. George Wash. Univ.*, 802 F. Supp. 2d 166, 178 (D.D.C. 2011).

Courts in this Circuit routinely deny motions where parties have violated this rule. *See, e.g.*, *Cohen v. Bd. of Trs.*, --- F.R.D. ---, 2014 WL 6890705, No. 14-cv-754, at *4 (D.D.C. Dec. 9, 2014) (denying motion to amend complaint because it failed to contain a certification of compliance with LCvR 7(m)); *Hajjar-Nejad*, 802 F. Supp. 2d at 178 (D.D.C. 2011) (denying motion to amend complaint on "this basis alone" after plaintiff failed to confer with defendants regarding the motion); *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (denying motions to compel production of documents when movant merely certified that it had requested the documents, not that it had conferred about the motion to compel); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 235 F.R.D. 521, 529 (D.D.C. 2006) ("The obligation to confer may not be satisfied by perfunctory action, but requires a good faith effort to resolve the non-dispositive disputes that occur in the course of litigation.  As such, failure to comply with the conference requirement is sufficient basis to deny a motion to compel.").

Accordingly, the Moving Defendants' motions to strike should be denied for failure to comply with their Rule 7(m) meet and confer obligations.

## Conclusion

Based on the foregoing, Plaintiffs respectfully request that the Court deny Moving Defendants' motions to strike Plaintiffs' class allegations.

Respectfully submitted,

/s/ John Freedman
John A. Freedman (DC Bar No. 453075)
Brandie N. Weddle (DC Bar No. 1004368)
Tom McSorley (DC Bar No. 1001890)
Arnold & Porter LLP
555 Twelfth Street, NW

Washington, DC  20004-1206
Tel: (202) 942-5000
Fax: (202) 942-5999

Matthew K. Handley (D.C. Bar No. 489946)
Dennis A. Corkery (D.C. Bar No. 1016991)
Washington Lawyers' Committee for Civil Rights
and Urban Rights
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
Telephone: (202) 319-1000
Facsimile:  (202) 319-1010
matthew_handley@washlaw.org;
dennis_corkery@washlaw.org

Rachel M. Kleinnman (admitted *pro hac vice*)
Natasha M. Korgaonkar (admitted *pro hac vice*)
NAACP Legal Defense & Education Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Fascimilie: (212) 226-7592
rkleinman@naacpldf.org
nkorgaonkar@naacpldf.org

**Attorneys for Plaintiffs Erick Little, Lawrence Whitted, Timothy McClough, Gerald Tucker, Leroy Quarles, Fitzgerald Stoney, Marcello Virgil, Leon McKenzie, and Louia McKenzie**

## **CERTIFICATE OF SERVICE**

I certify that on March 9, 2015, a true and correct copy of the foregoing was served by filing it through the CM/ECF system, on the following:

Harvey A. Levin
Kathleen Elizabeth Kraft
THOMPSON COBURN, LLP
1909 K Street, NW, Suite 600
Washington, DC 20006-1167
hlevin@thompsoncoburn.com
kkraft@thompsoncoburn.com

Gerard Joseph Stief
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
600 Fifth Street, NW
Washington, DC 20001
GStief@WMATA.com

*Counsel for Washington Metropolitan Area Transit Authority*

Michael N. Petkovich
Amanda Leigh Scott Vaccaro
JACKSON LEWIS LLP
10701 Parkridge Boulevard, Suite 300
Reston, VA 20191
Petkovim@jacksonlewis.com
Amanda.Vaccaro@jacksonlewis.com

*Counsel for Diamond Transportation Services, Inc.*

Richard William Black
LITTLER MENDELSON, P.C.
1150 17th Street NW, Suite 900
Washington, DC 20036
rblack@littler.com

*Counsel for First Transit, Inc.*

Nat P. Calamis
CARR MALONEY P.C.
2000 L Street, NW, Suite 450
Washington, DC 20036
npc@carrmaloney.com

*Counsel for Executive Personnel Services, Inc.*

I certify that on March 9, 2015, a true and correct copy of the foregoing was served via First Class Mail, on the following

> Galen Pendergrass
> 4005 23rd Parkway
> Apartment 21
> Temple Hills, MD 20748

/s/ Brandie Weddle
Brandie N. Weddle (DC Bar No. 982859)

*Counsel for Plaintiffs*