# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ERICK LITTLE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 14-1289 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON METROPOLITAN AREA | ) | |
| TRANSIT AUTHORITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

Defendants Washington Metropolitan Area Transit Authority (WMATA),

Diamond Transportation (Diamond), and Executive Personnel Services, Inc. (EPSI) have moved

to strike the class allegations brought by Plaintiffs Erick Little, Lawrence Whitted, Timothy

McClough, Gerald Tucker, Leroy Quarles, Fitzgerald Stoney, Leon McKenzie, Louia McKenzie,

and Marcello Virgil (collectively, Plaintiffs).[1]  For the reasons set forth below, Defendants'

motions will be denied.

## I.  FACTS

Plaintiffs filed a class action lawsuit on July 30, 2014, seeking relief under Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., the Fair Credit Reporting Act, 15

U.S.C. § 1681, and the District of Columbia Human Rights Act, D.C. Code § 12-1401 *et seq.*

Compl. [Dkt. 1].  Plaintiffs challenge WMATA's background check policy, which disqualifies

from employment individuals with a criminal history.  They argue that the policy

disproportionately excludes African-American job applicants and employees because arrest and

---

[1] The remaining Defendant, First Transit, Inc. (First Transit), has not moved to strike.

1

conviction rates in Washington, D.C. are higher for African Americans. *Id.* ¶¶ 1, 16. The proposed classes "consist of all terminated employees, employees deterred from applying for internal job openings, employees deterred from taking medical or personal leave, and applicants denied employment based on WMATA's Criminal Background Check Policy." *Id.* ¶ 37.

Plaintiffs sued WMATA and its contractors, Diamond, EPSI, and First Transit (the Contractor Defendants), which currently serve or at one time served as staffing agencies for WMATA, referring employees to work as MetroAccess drivers or operators, or janitors and landscapers in WMATA's administrative office buildings. *Id.* ¶¶ 20, 22, 24. WMATA "requires all of its contractors, including Diamond, EPSI, and First Transit, to utilize the [background check] policy in hiring, promoting, and terminating employees." *Id.* ¶ 15. The Contractor Defendants moved to dismiss on various grounds, including that Plaintiffs lacked standing to pursue claims against them and that they were not responsible for WMATA's policy. *See* Diamond Mot. to Dismiss [Dkt. 16]; First Transit Mot. to Dismiss [Dkt. 25]; EPSI Mot. to Dismiss [Dkt. 44].

While Diamond and First Transit's motions to dismiss were pending,[2] Plaintiffs sought to schedule a Rule 26(f) conference; Defendants objected, asserting their belief that a Rule 26(f) conference was not yet "practicable," Fed. R. Civ. P. 26(f)(1), and that in any event, the parties were not required to meet and confer until after the Court issued a scheduling order. *See* Weddle Decl., Exs. A-M [Dkt. 67-13].

---

[2] At that time, EPSI had not yet moved to dismiss. On October 20, 2014, Plaintiffs moved for partial default judgment against EPSI. Pl. Mot. for Default Judgment [Dkt. 39]. The Court denied Plaintiffs' motion, *see* 12/2/14 Minute Order, and EPSI subsequently filed a motion to dismiss.

On October 17, 2014, Plaintiffs requested a telephone conference seeking a ruling on whether discovery should proceed and Defendants should be required to participate in a Rule 26(f) conference notwithstanding the motions to dismiss.  *See* Notice of Request for a Telephonic Conference [Dkt. 38].  The Court held a telephone conference on October 22, 2014, after which it issued a Minute Order directing that:

> [P]ursuant to the telephone conference held on October 22, 2014, all discovery shall be stayed pending decision on the motions to dismiss of Defendant Diamond Transportation Services and First Transit.  It is further ordered that, within 14 days of a decision on the motions to dismiss, the parties shall file a joint report addressing the status of the case and the issues set forth in Local Rule 16.3.

10/22/14 Minute Order.

On January 23, 2015, the Court held a status conference to address the pending motions to dismiss and the role of the Contractor Defendants.  During that conference, the parties agreed that the Contractor Defendants should be treated as third parties for the purposes of discovery.  On January 26, 2015, the Court issued an Order directing that the Contractor Defendants be treated as such and ordered that they be subject to discovery involving Plaintiffs' discrimination claims.  *See* Order [Dkt. 50].  The Court denied the Contractor Defendants' motions to dismiss as moot and stayed all claims against them.  *Id*.  Additionally, the Court directed Plaintiffs and WMATA to meet and confer and file a report pursuant to Federal Rule of Civil Procedure 26(f).

Also on January 26, 2015, the Court issued its template Order for an Initial Scheduling Conference.  *See* Order [Dkt. 51].  In that Order, the Court directed counsel to "confer at least 21 days prior to the [date of the Initial Scheduling Conference] and submit their Report addressing all topics listed in Local Rule 16.3(c) no later than 14 days following their

meeting." *Id.*[3]  Local Civil Rule 16.3 sets forth a list of 14 topics to be discussed by the parties

at the pre-scheduling conference meet and confer.  *See* LCvR 16.3(c).  One matter to be

discussed is "[i]n class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P.

proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23

motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the

motion and a proposed date for decision."  LCvR 16.3(c)(10).

On February 17, 2015, the parties filed a joint report pursuant to Federal Rule of

Civil Procedure 26(f) and Local Rule 16.3(c).  *See* Meet and Confer Statement [Dkt. 54].

However, the parties disagreed on the scope of discovery and filed separate memoranda in which

Plaintiffs requested discovery on issues relating to both class certification and the merits and

WMATA sought to limit initial discovery to class action issues.  *See* Pl. Meet and Confer Mem.

[Dkt. 55]; WMATA Meet and Confer Mem. [Dkt. 56].  WMATA proposed a discovery schedule

that contemplated discovery and briefing on class certification.  Meet and Confer Statement at

10.  WMATA also explicitly reserved the right to object to a motion for class certification on the

ground that Local Civil Rule 23.1(b), which requires a plaintiff to move for class certification

within 90 days of filing its complaint unless the court has extended that deadline, foreclosed

Plaintiffs' right to seek class certification.  *Id.* at 3 ("WMATA's positions in this Joint Report are

subject to WMATA's reservation under, and to the applicability of, Local Rule 23.1(b)."); *see*

*also* WMATA Meet and Confer Mem. at 2 ("WMATA discusses class certification issues in this

memorandum and the Joint Report to address a situation where Local Rule 23.1(b) is not applied

but does not waive its rights under Local Rule 23.1(b) to object to a class certification motion.").

---

[3] The Initial Scheduling Conference was originally set for March 17, 2015, but was later vacated
to address the status of a potential class member.  In light of the instant matter, it has not yet been
rescheduled.

On February 24, 2015, WMATA filed a motion to strike Plaintiffs' class action allegations and to bar a future request for class certification. *See* WMATA Mot. to Strike [Dkt. 62].[4]  Plaintiffs opposed, arguing that "the deadline to file a motion for class certification under Local Rule 23.1(b) has not expired" because this Court's "previous orders staying the case and then extending the deadline for the parties to agree to a case schedule, which, under Local Rule 16.3 includes timing for the filing of a class certification motion, stayed Plaintiffs' time to file a motion for class certification."  Pl. Opp. [Dkt. 67] at 3.  Alternatively, in the event the Court were to find that the deadline had expired, Plaintiffs requested that "the Court construe this Opposition as a motion for an extension of time under Rule 6(b) and, in the interest of justice, extend Plaintiffs' time to file a class certification motion until a date to be established at the Initial Scheduling Conference."  *Id.* at 4.  WMATA filed its Reply [Dkt. 70] and the matter is now fully briefed.

## II.  ANALYSIS

### A.  Plaintiffs Failed to File a Timely Motion for Class Certification.

Local Civil Rule 23.1(b) provides:

> Within 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this period, the plaintiff shall move for a certification under Rule 23(c)(1), Federal Rules of Civil Procedure, that the case may be so maintained.  In ruling upon the motion, the court may allow the action to be so maintained, may deny the motion, or may order that a ruling be postponed pending discovery or other appropriate preliminary proceedings.  A defendant may move at any time to strike the class action allegations or to dismiss the complaint.

---

[4] Diamond and EPSI also filed Motions to Strike the class allegations.  Diamond Mot. to Strike [Dkt. 59]; EPSI Mot. to Strike [Dkt. 63].  Both parties contend that they have standing to seek dismissal of class allegations because they could be required to reinstate all former employees in the putative class as part of any potential remedy.  *See* Diamond Reply [Dkt. 71] at 2-3; EPSI Response to Order of the Court [Dkt. 72] at 1-2.

LCvR 23.1(b).

"Local Rule 23.1(b) and its predecessors have been strictly applied in this Circuit." *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 53 (D.D.C. 2007) (citing cases); *Batson v. Powell*, 912 F. Supp. 565, 570 (D.D.C. 1996) ("As this Court has made clear, the 90–day limit of Local Rule 203(b) has been 'strictly enforced in this Circuit.'") (quoting *Weiss v. Int'l Bhd. of Elec. Workers*, 729 F. Supp. 144, 148 (D.D.C.1990)), *aff'd*, 203 F.3d 51 (D.C. Cir. 1999).  The D.C. Circuit has held that "strict enforcement" of the 90-day limit "implements the policy of Rule 23(c)(1) of the Federal Rules of Civil Procedure, which states that the status of class actions should be determined quickly." *Black Panther Party v. Smith*, 661 F.2d 1243, 1279 (D.C. Cir. 1981).

Plaintiffs filed their Complaint on July 30, 2014, and did not ask to extend the time period for filing a motion for class certification until March 9, 2015, when they filed their opposition to WMATA's motion to strike. *See* Pl. Opp. at 7.  Indeed, Plaintiffs maintain that the deadline for filing has not yet expired; they argue that the Court stayed the deadline to file their Rule 23 motion when it stayed discovery pending a decision on the Contractor Defendants' motions to dismiss and ordered the parties to submit a joint report addressing all issues set forth in Local Rule 16.3 within 14 days of the decision. *See* 10/22/2014 Minute Order.  The stay was continued, Plaintiffs contend, when the Court issued its Order for an Initial Scheduling Conference on January 26, 2014, in which the Court directed counsel to confer and "address[ ] all topics listed in Local Rule 16.3(c)."[5]  *See* ISC Order at 1.

---

[5] As noted above, Local Rule 16.3(c) requires that the parties discuss "[i]n class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and

The Court recognizes that its Orders may have confused Plaintiffs' counsel. Upon receiving the Contractor Defendants' motion to dismiss, the Court stayed all discovery pending a decision on those motions. 10/22/14 Minute Order. This Order did not expressly address Plaintiffs' obligation to move for class certification under Local Rule 23.1(b), but it cited to Local Rule 16.3(c), thereby requiring the parties to meet and confer prior to an initial scheduling conference to discuss, among other matters, "dates for filing a Rule 23 motion." LCvR. 16.3(c). The Court reaffirmed the meet and confer requirement after it ruled on the status of the Contractor Defendants. *See* ISC Order at 1. As a result of their meet and confer, both WMATA and Plaintiffs submitted a joint report agreeing that pre-certification discovery will be necessary prior to any class certification motion. Thus, Plaintiffs' counsel's conclusion that its obligations to file a class motion were suspended until such discovery was allowed cannot be said to be unreasonable. Furthermore, the Court's comments at the January 23, 2015 status hearing did not help elucidate matters for Plaintiffs. *See* 1/23/15 Hearing Tr. at 15-16 (Dkt. 52) (The Court: "The plaintiffs would like this to be a class action. I don't know about that yet, you know, we're going to wait and see how this thing develops to see if we have a full class action. But I don't think we should take your small contractors through defense of a class action lawsuit.").

However, none of the Court's Orders referred to an extension of the deadline for filing a motion for class certification. Despite any passing confusion, Plaintiffs never asked for, or received, an extension of time to file a timely class certification motion under Local Rule 23.1(b). The law is clear and the Rule has serious consequences.

for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision." LCvR 16.3(c)(10).

### B.  Plaintiffs Have Made a Showing of Excusable Neglect.

A district court may forgive a party's failure to file a timely certification motion if that party makes a showing of excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect").  *See Howard*, 474 F. Supp. 2d at 55-56.  In deciding whether to grant a motion for an extension of time on the ground of excusable neglect, the Court may consider (1)"the danger of prejudice to the [other party]," (2) "the length of delay and its potential impact on judicial proceedings," (3) "the reason for delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Id.*  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Id.* at 392 (internal quotations omitted).

The Court finds that Plaintiffs' failure to request an extension of time to file a motion for class certification constitutes excusable neglect.  First, Defendants have suffered no prejudice as a result of the delay.  While WMATA reserved the right to raise a timeliness objection, it clearly still contemplated the future filing of a class certification motion.  *See* Meet and Confer Statement at 6-7 (WMATA's position that discovery should be limited to issues related to class certification), 10 (WMATA's proposed schedule for class discovery and motions on class certification).  And although the parties disagree on its exact scope, they concur that some discovery is warranted before a class certification motion should be filed.  At base,

WMATA's argument is an attempt to strike class allegations *not* because Plaintiffs have failed to seek class certification, but rather because they failed to request an extension of time to file their motion.  *See* WMATA Reply at 11-12.[6]

Second, the scope of the case has shifted.  This case began against WMATA and three small contractors.  At an initial in-court conference, after discussion of the allegations, the governing legal precepts, and the roles and finances of the contractors, Plaintiffs' counsel agreed to proceed against WMATA only and to treat the contractors as third parties.  This alteration in the litigation plan undoubtedly caused Plaintiffs' counsel to pause and reevaluate certain plans they had made regarding case strategy.

Third, the Court sidetracked the normal orderly proceeding of this case.  When it received a *pro se* plaintiff's complaint against WMATA for the same alleged disparate treatment, the Court asked Plaintiffs' counsel, who are appearing pro bono, to consider representation of the *pro se* plaintiff.  Plaintiffs' counsel acceded to the Court's request and devoted time and energy to the question, postponing progress on their own Complaint.

Clearly, there have been delays in this case causing the Court to postpone rendering a decision about the scope of discovery; however, those delays were not a result of Plaintiffs' failure to file a timely class certification motion.  Rather, the case was stayed to address the Contractor Defendants' motions to dismiss and the initial scheduling conference was vacated in order to ascertain the status of a potential class member who had filed a similar lawsuit (at the Court's request).  Moreover, the Court has held off issuing any scheduling order

---

[6] WMATA also argues that it, along with the "public interest" and "the interest of justice," will be prejudiced if the Court denies its motion to strike because publicly available statistics undermine Plaintiffs' theory of disparate impact—according to WMATA, 97% of its workforce is African American.  WMATA Reply at 10-11.  This argument goes to the question of whether the Court should certify a class.

while it considered the pending motions to strike.  These delays, which stymied the progress of

discovery (and, in turn, the filing of a motion for class certification), were all out of Plaintiffs'

control.  Accordingly, Defendants fail to point out any unfair prejudice they have suffered due to

Plaintiffs' delay in filing a motion for class certification or seeking an extension of that

deadline.[7]

Defendant Diamond argues that the analysis of excusable neglect in *Howard v.

Gutierrez,* 474 F. Supp. 2d 41 (D.D.C. 2007) should apply here.  In *Howard*, the plaintiffs argued

a lack of prejudice "because the class-action nature of the proceedings has been apparent from

the outset of the case, and [ ] their delay will have no impact on the judicial proceedings because

the litigation is at an early stage."  *Id.* at 56.  *Howard* stated that "Local Rule 23.1 is designed to

enable defendants 'to ascertain at the earliest practicable moment whether they will be facing a

limited number of known, identifiable plaintiffs or whether they will instead be facing a much

larger mass of generally unknown plaintiffs,'" *id.* (quoting *McCarthy v. Kleindienst*, 741 F.2d

1406, 1411-12 (D.C. Cir. 1984)), and found that the plaintiffs' failure to move for certification

for three months after learning of their error "prolonged the uncertainty as to the scope of the

class they would actually move this Court to certify."  *Id.*

In the instant matter, because discovery has not yet begun and Plaintiffs could not

have moved for class certification within the 90-day deadline, Defendants are in the exact same

position as they would have been had Plaintiffs sought an extension of their filing deadline.

Thus, any generalized complaints about the increasing number of plaintiffs or class action

---

[7] It is true that Plaintiffs alleged a putative class of 79 members in the Complaint, Compl. ¶ 15, and that Plaintiffs recently estimated that figure had grown to 130 members, Pl. Meet and Confer Mem. at 3.  However, the scope of any purported class would likely change after discovery, which has not yet begun, and thus any change is not the result of delay.

discovery because such problems "are not inherent to the delay itself." *Smith v. Ergo Solutions, LLC*, Civil Case No. 14-382 (JDB), 2015 WL 1424153, at *6 (D.D.C. Mar. 30, 2015).

Furthermore, striking class allegations would be inefficient and unwieldy, as Plaintiffs' counsel would be required "to prosecute this action as a multiple-plaintiff action rather than a class action and [would] have to amend or file new complaints to include the claims of dozens of individuals who have been identified as potential class members." Pl. Opp. at 10. Finally, Plaintiffs' counsel's interpretations of this Court's Orders and statements are expansive but not unreasonable under the circumstances. Counsel could reasonably have believed that a motion for class certification would not be due until after the Court had ruled on the scope of discovery and entered a scheduling order, and thus were acting in good faith. Therefore, the equities here tip in favor of Plaintiffs and the Court finds that their neglect in failing to request an extension is excusable.

## IV.  CONCLUSION

For reasons set forth above, Defendants WMATA, Diamond, and EPSI's Motions to Strike will be denied.  A memorializing Order accompanies this Opinion.


Date: April 23, 2015

                    _____/s/_____
                    ROSEMARY M. COLLYER
                    United States District Judge