UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ERICK LITTLE**, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 14-1289 (RMC) |
| v. | ) ) ) | |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**SCHEDULING ORDER**

Upon consideration of the joint report of the parties submitted pursuant to LCvR 16.3(d), as well as both Plaintiffs' and WMATA's memoranda in support of their proposed scheduling orders, it is hereby **ORDERED** that:

1. Plaintiffs may amend the pleadings or add new parties by **June 8, 2015**. Following that period, the Court will grant leave to amend only upon a showing of good cause.

2. Discovery shall be limited to the following issues:

    A. Identification of absent class members (numerosity, typicality, commonality, disparate impact analysis);

    B. WMATA's hiring process (commonality, disparate impact analysis);

    C. Development, implementation, and use of WMATA's criminal background check policy (the Policy) (commonality, typicality, disparate impact analysis);

    D. Application of the Policy to WMATA's contractors (numerosity, commonality, typicality, disparate impact analysis);

    E. Whether certain types of employees were exempted from the Policy (commonality, typicality, disparate impact analysis);

      F.    Demographics of applicant pool (numerosity, commonality, typicality, disparate impact analysis);

      G.    Circumstances surrounding adverse employment action (commonality, typicality, disparate impact analysis);

      H.    Link between the Policy and the adverse employment action (commonality, typicality, disparate impact analysis).

3. Initial disclosures shall be limited to the issues described in ¶ 2 and shall be made no later than **May 26, 2015**.

4. Each party is limited to a maximum of twenty-five (25) depositions of fact witnesses. Depositions conducted pursuant to Federal Rule of Civil Procedure 30(b)(6) shall be counted as a single deposition, with a maximum of four depositions to be counted as one.

5. Each party is limited to a maximum of fifty (50) interrogatories, including discrete subparts. Responses to all interrogatories shall be made thirty (30) days after service.

6. Each party is limited to a maximum of twenty-five (25) requests for admissions, including discrete subparts. Responses to all requests for admissions shall be made thirty (30) days after service.

7. All discovery related to the issues set forth above shall be completed no later than **August 21, 2015** (120 days from the date of this Order).

8. Class certification motions shall be filed no later than **September 21, 2015**. Oppositions shall be filed no later than **October 20, 2015**, and replies shall be filed no later than **November 3, 2015**. A motion for extension of time to file a motion, opposition, or reply will be denied except upon a showing of good cause. The page limitations for briefs referenced in LCvR 7(e) are to be followed strictly by the parties.

9. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

10. Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel. This includes any motions to compel.

11. A post-discovery status conference is scheduled for **August 26, 2015 at 10:00 a.m.**

12. Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a Magistrate Judge. If the case settles, in whole or in part, Plaintiffs' counsel shall advise this Court by promptly filing a stipulation.

13. This schedule shall not be modified, even where all parties consent, except upon motion demonstrating good cause and an order from the Court. *See* Fed. R. Civ. P. 16(b); LCvR 16.4.

**SO ORDERED.**

Date: April 23, 2015                              /s/
                                         ROSEMARY M. COLLYER
                                         United States District Judge