UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ERICK LITTLE**, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 14-1289 (RMC) |
| v. | ) ) ) | |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

A telephone conference was held on July 22, 2015 concerning a discovery dispute in this case. The impetus for the call was the limited objection by First Choice Background Screening, a third party not otherwise involved in lawsuit, to Plaintiffs' subpoena under Rule 45 of the Federal Rules of Civil Procedure. Plaintiffs and First Choice were able to resolve all issues except one: the prohibition in the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA) on disclosure of consumer reports absent "the order of a court having jurisdiction to issue such an order." *Id.* § 1681b(a)(1).[1] Plaintiffs asked the Court to issue such an order and thereby allow First Choice to comply with the subpoena. Defendant WMATA objected.

During the telephone conference, the Court found that the documents sought were responsive to Plaintiffs' request. It further determined that Plaintiffs' request, with slight modification, would be within the permissible scope of discovery. *See* Fed. R. Civ. P. 26(b)(1).

It is, therefore,

---

[1] The FCRA also provides five other circumstances in which consumer reports may be released. *See generally* 15 U.S.C. § 1681b(a).

**ORDERED** that First Choice Background Screening shall comply with Plaintiffs' subpoena, as modified, even if it requires producing "consumer reports" as defined in the FCRA; and it is

**FURTHER ORDERED** that the scope of Plaintiffs' subpoena is hereby modified as follows.  For each:

    (1)    Applicant for employment at the Washington Metropolitan Area Transit Authority (WMATA); and

    (2)    Applicant for employment at a WMATA contractor other than Metro Access, whose application was forwarded to WMATA for a hiring decision;

First Choice shall provide the following:

    (a)    Full name;

    (b)    Zip code of residence;

    (c)    The result of any background screening performed by First Choice with regard to such applicant, as it was produced to WMATA.

And it is **FURTHER ORDERED** that such information will be treated by all parties with the utmost sensitivity and in accord with the Protective Order entered on July 13, 2015, Dkt. 91.  Any party failing to abide by these obligations may be held in contempt of Court.

**SO ORDERED**.

Date:  July 23, 2015

                                                      /s/
                                     ROSEMARY M. COLLYER
                                     United States District Judge