UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ERICK LITTLE**, *et al.*, )<br>)<br>    **Plaintiffs**, )<br>)<br>    v. )<br>)<br>**WASHINGTON METROPOLITAN AREA** )<br>**TRANSIT AUTHORITY**, *et al.*, )<br>)<br>    **Defendants**. )<br>) | **Civil No. 14-1289 (RMC)**<br>**(consolidated with 15-98, 15-114,**<br>**15-1298, and 17-168)** |

**ORDER**

For the reasons stated in the Memorandum Opinion issued contemporaneously with this Order, it is hereby **ORDERED** that Plaintiffs' Motion for Final Approval of the Proposed Class Action Settlement, Dkt. 240, is **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiffs' Motion for Approval of Service Payments, Dkt. 241, is **GRANTED**; and it is

**FURTHER ORDERED** that:

1.  The definitions and provisions of the Settlement Agreement, Dkt. 240-2, are hereby incorporated as though fully set forth herein.

2.  This Court has jurisdiction over the subject matter of the Settlement Agreement with respect to and over all parties to the Settlement Agreement, including all members of the Settlement Class (excluding those individuals who have elected to exclude themselves from the Civil Damages Class with respect only to those claims for civil damages for economic loss), Sidney Davis, Joyce Short, D.W., a minor, the Class Representatives, and all members of the Appendix A Class, the Appendix C Class, and the Appendix F Class. All conditions to and

requirements for the entry of this Judgment and Final Order and approval of the Settlement have been satisfied and/or waived.

3. In addition to the Appendix A, C, and F Classes previously certified by the Court by Order dated March 31, 2017, for purposes of the Settlement, the Court hereby certifies a Civil Damages Class (excluding those individuals named below who have elected to opt out of that class with respect to civil damages claims for economic loss), consisting of individuals who are African American, who failed the Background Screening Policy, who were denied employment, terminated, or otherwise permanently separated from their position, and/or suspended from employment with or without pay by WMATA or a contractor or subcontractor of WMATA as a result of the Background Screening Policy, and who suffered economic loss. Erick Little, Gerald Tucker, Fitzgerald Stoney, Marcello Virgil, Leroy Quarles, Timothy McClough, Leon McKenzie, and Louia McKenzie (collectively, "Class Representatives") have been designated and approved as the Class Representatives of this Class. The following individuals have opted out of the Civil Damages Class with respect to the civil damages claims covered thereby, and will not be subject to the terms of this Judgment and Final Order applicable to claims for economic loss, or be considered part of the Civil Damages Class: Galen Pendergrass and Gregory Perkins. All objections to the Settlement are overruled.

4. Notice of the Settlement and the fairness hearing was sent by forwardable U.S. mail, postage prepaid, in accordance with the Court's December 7, 2017 Preliminary Approval Order. Notice given to members of the Settlement Class was reasonably calculated under the circumstances to apprise them of (a) the pendency of this action, (b) all material elements of the Settlement, (c) their opportunity to exclude themselves from, to object to, or to comment on the Settlement, and (d) their opportunity to appear at the final fairness hearing. A full opportunity to

be heard has been afforded to all Settlement Class members and other persons wishing to be heard. Accordingly, the Court determines that the previously-certified Appendix A, Appendix C, and Appendix F Classes, and all members of the certified Civil Damages Class (excepting those individuals listed in paragraph 3 above with respect to claims for civil damages for economic loss who have opted out) are bound by this Judgment and Final Order.

5. This Judgment and Final Order constitutes a final adjudication on the merits of all claims of the members of the Settlement Class regarding any and all claims which any of them have or could assert against (a) WMATA, any of its affiliates or employee benefit plans and trusts, and any of its or their respective present or former directors, officers, managers, employees, attorneys, administrators, fiduciaries, and agents (and their respective insurers) arising prior to execution of the Settlement Agreement in any way based upon any facts or claims alleged in the Third Amended Complaint in this Lawsuit, or (b) any of the WMATA Parties in any way arising out of or based upon application of, or decisions under or concerning the Background Screening Policy.

6. There is a bona fide dispute between the parties concerning issues of liability, equitable relief, and damages. The Settlement reflects a reasonable and negotiated compromise of the parties' respective claims and defenses and was reached after protracted, contested, arms' length negotiations. The Settlement and the Settlement Agreement are in all respects: (a) lawful, fair, reasonable, and adequate to the Settlement Class, the Appendix A Class, the Appendix C Class, and the Appendix F Class, (b) within the authority of the parties, and (c) the result of extensive arms' length negotiations that resolve and compromise genuine and bona fide disputes between the parties.

7.   The Court hereby grants final approval to the Settlement and finds that it is lawful, fair, reasonable, adequate, and in the best interests as a whole of the Settlement Class, the Appendix A Class, the Appendix C Class, and the Appendix F Class. The parties are ordered to comply with the Settlement Agreement.

8.   The Court hereby awards Erick Little, Gerald Tucker, Fitzgerald Stoney, Marcello Virgil, Leroy Quarles, Timothy McClough, Leon McKenzie, and Louia McKenzie the sum of Seven Thousand Five Hundred Dollars ($7,500) each, as compensation for the time, effort, services, and risk undertaken as a Class Representative. The Court also awards (a) Sidney Davis the sum of Five Thousand Dollars ($5,000) for the services and assistance he provided to the Settlement Class and Class Counsel, and (b) D.W., a minor and beneficiary of Lawrence Whitted, deceased, the sum of Five Thousand Dollars ($5,000) for the services and assistance Lawrence Whitted provided to the Settlement Class and Class Counsel. Payment of the service payment awards specified above will be paid by the Claims Administrator as and when specified in the Settlement Agreement.

9.   The Court hereby approves the request of Class Counsel for an award of One Million Six Hundred Twenty-Five Thousand Dollars ($1,625,000) for attorneys' fees and costs (including court costs, litigation costs, and expert witness fees) incurred and to be incurred in connection with representing the Settlement Class, the Settlement and its implementation, and administration of the Settlement. Class Counsel agrees not to seek or accept fees and expenses exceeding this amount for services rendered and costs incurred prior to, or after, the date of the Settlement Agreement, including in connection with consummation of the Settlement, Court approval of the Settlement, claims administration, and issues pertaining to the Settlement Agreement or its administration. No other attorneys' fees, expenses, or costs are due and owing

by any of the WMATA Parties to any other attorneys or counsel in connection with this Lawsuit, the Settlement or its administration, or representation of the Settlement Class and previously certified classes. The WMATA Parties shall not be liable for any other class representative fees, service fees, attorneys' fees, costs and expenses, other fees, or any claim by any counsel or member of a certified class for additional fees or expenses, relating to the allegations forming the basis of the Lawsuit, this Settlement, Court approval of the same, or claims administration or services hereinafter rendered to or for the benefit of the Settlement Class, the Appendix A Class, the Appendix C Class, or the Appendix F Class.

      10.      The Claims Administrator, in conjunction with Class Counsel, shall be solely and exclusively responsible for administering the Class Settlement Fund, paying out the Class Settlement Amount per the terms of the Settlement Agreement and applicable Court orders concerning the same, determining who is eligible for a payment, and the amount to be paid to each such eligible individual (as described in this paragraph, "Administration Activities"). The Class Settlement Fund shall be administered by the Claims Administrator in conjunction with Class Counsel, from which settlement funds will be distributed to eligible members of the Settlement Class as provided in the Settlement Agreement. The WMATA Parties shall have no responsibilities or liabilities with respect to Administration Activities or anything related to claims administration. To be eligible for a distribution from the Class Claims Fund, an individual must: (i) timely submit a fully completed Short or Long claim form in the form attached to the Court's Preliminary Approval Order as Exhibit 3A (Long Form) or 3B (Short Form), and a fully completed Form W-9; and (ii) qualify as a member of the Civil Damages Class (i.e., an African American, who failed the Background Screening Policy, who was denied employment, terminated, or otherwise permanently separated from employment, or suspended with or without

pay by WMATA or any third party contractor or subcontractor of WMATA as a result of the Background Screening Policy, and who suffered economic loss). The Claims Administrator, and not WMATA or any of the WMATA Parties, is solely and exclusively responsible for making any determinations regarding (a) eligibility for a payment or the amount thereof and (b) the costs and expenses of claims administration. All such costs and expenses of claims administration shall be paid out of the Class Settlement Fund before distribution of any payment to an eligible Settlement Class member. Payments to members of the Settlement Class will be paid by the Claims Administrator as and when specified in the Settlement Agreement.

11. Before any distributions to eligible Settlement Class members, the Claims Administrator shall be entitled to receive payment from the Class Settlement Amount a fee in the amount of $58,000, representing all costs and expenses now or hereafter incurred associated with claims administration or any obligations of the Claims Administrator under the Settlement Agreement, including but not limited to the costs of the Claims Administrator, website development, maintenance and administration, reporting, and mailing of checks. The WMATA Parties shall have no liability for, or obligation to pay, any such fees or expenses. In the event Class Counsel advances the Claims Administrator's expenses, this payment will be made directly to Class Counsel as reimbursement for such expenses.

12. The Claims Administrator shall distribute and pay the Class Claims Fund among eligible members of the Civil Damages Class according to the following formula:

(i) Long Form Claimants: Claimants who submit the Long Form with the required documentation will be eligible to receive the difference between what they could have earned for a period of up to two (2) years and what they did earn for a period up to two (2) years, subject to a maximum cap of $40,000.

(ii) Short Form Claimants: Claimants who submit the Short Form will be eligible to receive a flat payment that is presently estimated at $2,000.

(iii) A Civil Damages Class member can only apply for either a long form payment or a short form payment, and not both.

(iv) Contingencies:

(a) In the event a particular Long Form Claimant's claim is less than the Short Form Claimant flat payment, that Long Form Claimant shall receive the Short Form Claimant flat payment.

(b) In the event the total amount of all Long Form claims exceeds the amount available in the Class Claims Fund after all Short Form claims are accounted for, then each Long Form Claimant shall receive a percentage of the remaining Class Claims Fund equal to the amount of his or her Long Form Claimant's approved claim divided by the total amount of all approved Long Form claims. For example, if a particular Long Form Claimant submitted a claim for $10,000, and the total amount of approved Long Form claims is $100,000, that particular Long Form Claimant would receive 10% of the remaining amount in the Class Claims Fund.

(c) In the event the total amount of all Long Form claims does not exceed the amount available in the Class Claims Fund after all Short Form claims are accounted for, then each Short Form Claimant shall receive a proportionately increased flat payment in an amount to be determined by the Claims Administrator and Class Counsel, which will be the same for all Short Form Claimants. For example, if the total amount of all Short Form claims is $1 million, and the total amount of all Long Form claims is $2.5 million, such that there is $1 million remaining in the Class Claims Fund, that $1 million will be distributed to the Short Form

Claimants by proportionately increasing the amount of flat payment that each Short Form Claimant receives.

    (d) In the event the total amount of all Short Form claims exceeds the amount available in the Class Claims Fund, then all Claimants (Long Form and Short Form) shall receive a flat payment in an amount to be determined by the Claims Administrator and Class Counsel. For example, if the total amount of all Short Form Claimant claims submitted is $9 million, which exceeds the amount of the Class Claims Fund, then all Claimants (Long Form and Short Form) will receive the same flat payment, calculated as the amount available in the Class Claims Fund divided by the number of valid claims.

    (e) Class Counsel and the Claims Administrator shall take reasonable measures to ensure the full Class Claims Fund is distributed to Claimants. To the extent there are undistributed proceeds left in the Class Claims Fund following the payment of Claims, Class Counsel shall (i) advise the Court and Counsel for WMATA of any such remaining amounts and (ii) petition for a cy pres distribution of such undistributed proceeds.

  13. For purposes of the payments to Class Representatives, Ms. Short, Mr. Davis, and members of the Settlement Class pursuant to the Settlement Agreement, it is understood and agreed that the payments are not wages and shall not be treated as such because no individual receiving a payment had an employment relationship with WMATA (or, if employed, no individual was terminated, suspended with or without pay, or permanently separated from employment with WMATA), and in fact many of the individuals were employed by, or were candidates for employment with, a contractor or subcontractor of WMATA. The payments to Class Representatives, Mr. Davis, Ms. Short, and members of the Settlement Class pursuant to this Order and the Settlement Agreement shall not constitute nor be considered as compensation

for purposes of any applicable benefit, bonus, profit sharing, or pension plans, and no such person will be entitled to any additional payments or benefits by reason of any such payment.

14.     The Claims Administrator shall issue a Form 1099 (and any applicable reporting form for applicable state or local tax purposes) to the Class Representatives, Ms. Short, Mr. Davis, and each eligible member of the Settlement Class in the amount paid to such individual and report the same to the Internal Revenue Service and any applicable state or local governmental body, as required for purposes of applicable state or local tax laws. It shall be a condition to payment and eligibility that a member of the Settlement Class who submitted a claim have provided a signed Form W-9 to the Claims Administrator as part of the claims application process.

15.     Mr. Davis, Ms. Short, the Class Representatives, and each Class member who receives a payment pursuant to the Settlement Agreement shall be solely responsible for any income or other taxes, interest, or penalties owed with respect to any payment to him or her as a result of the Lawsuit, including without limitation any payments referred to above.

16.     The Court hereby dismisses with prejudice all known and unknown claims, suits, lawsuits, demands, and causes of action of Erick Little, Gerald Tucker, Fitzgerald Stoney, Marcello Virgil, Leroy Quarles, Timothy McClough, Leon McKenzie, and Louia McKenzie, on behalf of themselves individually and on behalf of the Settlement Class and any class certified in this Lawsuit of which they are a class representative; all known and unknown claims, suits, lawsuits, demands, and causes of action of Ms. Short and Mr. Davis; all known and unknown claims, suits, lawsuits, demands, and causes of action of each member of the Settlement Class, the Appendix A Class, the Appendix C Class, or the Appendix F Class; and all known and unknown claims, suits, lawsuits, demands, and causes of action claims of their respective

personal representatives, administrators, heirs, successors, and assigns, which each and any of them may have or hold against (a) WMATA, any of its affiliates or employee benefit plans and trusts, and any of its or their respective present or former directors, officers, managers, employees, attorneys, administrators, fiduciaries, and agents (and their respective insurers) arising prior to execution of the Settlement Agreement in any way based upon any facts or claims alleged in the Third Amended Complaint in this Lawsuit, or (b) any of the WMATA Parties in any way arising out of or based upon application of, or decisions under or concerning, the Background Screening Policy. This release, discharge, and dismissal with prejudice and release includes, but is not limited to, a release, discharge, and dismissal with prejudice of claims: (1) under the common and statutory laws and Constitutions of Virginia, Maryland, and the District of Columbia; (2) under Title VII of the Civil Rights Act of 1964, as amended, Executive Order 11246, 42 U.S.C. §§ 1981, 1981A, or 1983, the United States Constitution, the Fair Credit Reporting Act, and any other federal law, decision, order, or regulation; (3) under any other federal, state, or local law, constitution, regulation, statute, order, ordinance, decision, or common law decision concerning discrimination in employment; and (4) for economic and personal injury, emotional distress, penalties, liquidated and punitive damages, injunctive, declaratory and other equitable relief, lost compensation, employment, and costs and attorneys' fees, including, without limitation, any claim for attorneys' fees and/or costs which may arise or accrue by reason of the Settlement of the Lawsuit referred to above. The above-referenced persons shall deemed to be and are forever barred from instituting, maintaining, or prosecuting any and all such claims herein dismissed, discharged, and released. However, this is not a release of any claim for breach of the Settlement Agreement or violation of this Order. Notwithstanding

the provisions above in this Paragraph 16, this dismissal will not be effective if this Order is reversed or the Settlement is set aside per the terms of the Settlement Agreement.

17.     WMATA and the other WMATA Parties do not admit that they are liable to the Class Representatives, Mr. Davis, Ms. Short, the Settlement Class, the Appendix A Class, the Appendix C Class, or the Appendix F Class, deny that they have violated any law, and expressly deny all such alleged violations and liability. The WMATA Parties maintain that the Background Screening Policy was adopted for non-discriminatory reasons, is not discriminatory in its application, and is job related and a business necessity to: (i) protect the safety of employees, the public, and transit system users, and (ii) ensure public trust in WMATA's transit system. WMATA's sole purpose for entering into this Settlement Agreement is to avoid the burden and expense of further litigation. This Settlement Agreement shall not be construed as an admission of any liability, wrongdoing, or responsibility by the WMATA Parties. This Order, the Settlement Agreement, any related documents in this proceeding, and any reports or accounts thereof, shall not be used, offered, or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to (i) consummate or enforce this Judgment and Final Order, the Settlement Agreement, or all releases given thereunder or (ii) establish the affirmative defenses of res judicata or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. No part of this Order or the Settlement Agreement may be admitted into evidence in any lawsuit, except to enforce the Settlement Agreement or to cease or enjoin other litigation.

18.     The term "WMATA Parties" as used in this Order means (i) WMATA, its present and former direct and indirect affiliates, and its employee benefit plans and trusts, (ii) any contractor or subcontractor of WMATA who employed anyone in the Settlement Class or

considered a member of the Settlement Class for employment (with respect to claims by those individual members of the Settlement Class only), including but not limited to Diamond Transportation Services, Inc., First Transit, Inc., and Executive Personnel Services, Inc., and their respective shareholders, subsidiaries, employee benefit plans and trusts, and affiliates, (iii) the respective present and former officers, directors, employees, attorneys, agents, administrators, fiduciaries, partners, owners, and shareholders of each of the entities identified in (i) or (ii) above, and (iv) the heirs, insurers, reinsurers, personal representatives, successors, and assigns of each person or entity described above in (i), (ii), or (iii) above.

19.   The Protective Order entered by the Court in this case shall continue in full force and effect.

20.   Without affecting the finality of this Judgment and Order in any way, the Court retains continuing jurisdiction: (i) to resolve any dispute arising from the interpretation, enforcement, or implementation of this Order and the Settlement Agreement; (ii) over implementation of the Settlement Agreement, until each and every act agreed to be performed pursuant to the Settlement Agreement has been performed; and (iii) over all parties to this action and class members for the purpose of enforcing and administering the Settlement Agreement; and it is

**FURTHER ORDERED** that the Second Amended Complaint, Dkt. 200-1, is **DISMISSED** with prejudice; and it is

**FURTHER ORDERED** that Case No. 15-cv-98, *Galen Pendergrass v. WMATA*, is unconsolidated from this case and the stay is lifted; and it is

**FURTHER ORDERED** that the Complaints in Case No. 15-cv-114, *Michael Christopher Derricote v. WMATA*, Case No. 15-cv-1298, *Dwight Walker v. WMATA*, and Case

No. 17-cv-168, *Kaye F.M. Lawton v. WMATA* are **DISMISSED** with prejudice and the cases are closed.

This is a final appealable Order. *See* Fed. R. App. 4(a). This case is closed.

Date: April 27, 2018                                      /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge